Singh v. Garland

BIA
Schoppert, IJ
A205 915 171

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of June, two thousand twenty-one.

PRESENT:
>       GERARD E. LYNCH,
>       STEVEN J. MENASHI,
>             *Circuit Judges.*\*

———————————————————————

SATWINDER SINGH,
>       *Petitioner*,

v.                                          19-768
                                            NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
>       *Respondent*.

———————————————————————

---

\* Judge Robert A. Katzmann, originally a member of the panel, died on June 9, 2021. The two remaining members of the panel, who are in agreement, have determined the matter. *See* 28 U.S.C. § 46(d); 2d Cir. IOP E(b); *United States v. Desimone*, 140 F.3d 457, 458-59 (2d Cir. 1998).

**FOR PETITIONER:**    Genet Getachew, Esq., Law Office of Genet Getachew, Brooklyn, NY.

**FOR RESPONDENT:**   Joseph H. Hunt, Assistant Attorney General; Kohsei Ugumori, Senior Litigation Counsel; David J. Schor, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Satwinder Singh, a native and citizen of India, seeks review of a February 27, 2019, decision of the BIA affirming a December 1, 2017, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Satwinder Singh,* No. A 205 915 171 (B.I.A. Feb. 27, 2019), *aff'g* No. A 205 915 171 (Immig. Ct. N.Y.C. Dec. 1, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The standards of review are well established.

2

*See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination under substantial evidence standard). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Here, substantial evidence supports the IJ's adverse credibility determination. Singh alleged past persecution and a fear of future persecution from members of the Badal Party

3

and the police on account of his support for a rival political party. The agency reasonably concluded that he was not credible based on discrepancies between his documentary evidence and testimony, as well as an internal inconsistency within his testimony. The agency also reasonably concluded that Singh did not adequately rehabilitate his account through reliable corroboration.

First, the agency reasonably relied on a discrepancy as to whether police or members of the Badal Party visited Singh's family after he left India. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Singh first testified that he had not been threatened since leaving India and that neither police nor Badal Party members knew that he was in the United States, but Singh later testified that his father told him that police and Badal Party members had visited his family in India several times to ask about Singh's whereabouts. Neither Singh's written statement nor the letters from his parents mention any visits. The agency did not err in considering this omission because "a credible petitioner would reasonably have been expected to disclose" such facts when pursuing a claim that he feared returning to India. *See Hong Fei Gao*,

4

891 F.3d at 79. The agency was not required to credit Singh's explanations that he did not think the information was needed and did not know why his parents had not mentioned the visits. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005).

The agency also reasonably relied on an inconsistency within Singh's testimony regarding his medical treatment in India. Singh alleged that he received medical treatment after two police beatings, but his testimony was internally inconsistent about where that treatment occurred. *See Likai Gao v. Barr*, 968 F.3d 137, 145 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully.").

The agency also noted that Singh's testimony about what treatment he received, and whether he was treated once or twice, was inconsistent with a letter he submitted from the treating doctor. Singh argues on appeal that the IJ violated his due process rights by considering the letter from the treating doctor, since Singh had sought to withdraw that letter at the outset of his hearing. But we need not decide whether Singh's due process challenge has merit because, as

the BIA held, even the earlier inconsistencies unrelated to the contents of the doctor's letter are sufficient to support the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167.

In addition, the agency reasonably found that Singh did not provide reliable corroborating evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(ii) ("Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence."); *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("[T]he absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The agency reasonably declined to credit letters from Singh's friends and family in India because the authors were not available for cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013); *see also In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (finding letters from friends and family insufficient for corroboration because these letters were from interested witnesses not

subject to cross-examination), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133–38 (2d Cir. 2012). Moreover, the IJ reasonably gave Singh's parent's letters minimal weight because they used nearly identical language. *See Mei Chai Ye v. U.S. Dep't of Just.*, 489 F.3d 517, 524 (2d Cir. 2007) ("[S]triking similarities between affidavits are an indication that the statements are 'canned.'").

Given the discrepancies and lack of reliable corroboration, the adverse credibility determination is supported by substantial evidence. *See Xiu Xia Lin*, 534 F.3d at 165–66. That determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7